| U.S. Department of Justice | | |
|---|---|---|
| Office of Justice Programs | | |
| **Bureau of Justice Assistance** | Grant | PAGE 1 OF 22 |

| 1. RECIPIENT NAME AND ADDRESS (including Zip Code) | 4. AWARD NUMBER: 2018-MU-BX-0121 | |
|---|---|---|
| Colorado Department of Public Safety<br>700 Kipling Street Suite 1000<br>Lakewood, CO 80215-5897 | 5. PROJECT PERIOD: FROM 10/01/2017 TO 09/30/2021 | |
| | BUDGET PERIOD: FROM 10/01/2017 TO 09/30/2021 | |
| | 6. AWARD DATE 10/01/2018 | 7. ACTION |
| 2a. GRANTEE IRS/VENDOR NO.<br>846064739 | 8. SUPPLEMENT NUMBER<br>00 | Initial |
| 2b. GRANTEE DUNS NO.<br>878355551 | 9. PREVIOUS AWARD AMOUNT | $ 0 |
| 3. PROJECT TITLE<br>State of Colorado Justice Assistance Grant (JAG) Program | 10. AMOUNT OF THIS AWARD | $ 2,796,761 |
| | 11. TOTAL AWARD | $ 2,796,761 |

| 12. SPECIAL CONDITIONS |
|---|
| THE ABOVE GRANT PROJECT IS APPROVED SUBJECT TO SUCH CONDITIONS OR LIMITATIONS AS ARE SET FORTH ON THE ATTACHED PAGE(S). |

| 13. STATUTORY AUTHORITY FOR GRANT |
|---|
| This project is supported under FY18(BJA - JAG State & JAG Local) Title I of Pub L. No. 90-351 (generally codified at 34 U.S.C. 10101 - 10726), including subpart 1 of part E (codified at 34 U.S.C. 10151 - 10158), see also 34 U.S.C. 10156(a) |

| 14. CATALOG OF DOMESTIC FEDERAL ASSISTANCE NO. (CFDA Number) |
|---|
| 16.738 - Edward Byrne Memorial Justice Assistance Grant Program |

| 15. METHOD OF PAYMENT |
|---|
| GPRS |

| AGENCY APPROVAL | GRANTEE ACCEPTANCE | |
|---|---|---|
| 16. TYPED NAME AND TITLE OF APPROVING OFFICIAL | 18. TYPED NAME AND TITLE OF AUTHORIZED GRANTEE OFFICIAL | |
| Matt Dummermuth | Joe Thome | |
| Principal Deputy Assistant Attorney General | Director | |
| 17. SIGNATURE OF APPROVING OFFICIAL | 19. SIGNATURE OF AUTHORIZED RECIPIENT OFFICIAL | 19A. DATE |
| *Matt Dummermuth* | *Joe Thome* | 12/13/18 |

| AGENCY USE ONLY | | | | | | | |
|---|---|---|---|---|---|---|---|
| 20. ACCOUNTING CLASSIFICATION CODES | | | | | 21. IMLQ631945 | | |
| FISCAL YEAR | FUND CODE | BUD. ACT. | OFC. | DIV. REG. | SUB. | POMS | AMOUNT |
| X | B | DS | 80 | 00 | 00 | 00 | 53677 |
| X | B | DJ | 80 | 00 | 00 | | 2743064 |

OJP FORM 4000/2 (REV. 5-87) PREVIOUS EDITIONS ARE OBSOLETE.

OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE 2 OF 22

| PROJECT NUMBER | 2018-MU-BX-0121 | AWARD DATE | 10/01/2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

1. Requirements of the award; remedies for non-compliance or for materially false statements

    The conditions of this award are material requirements of the award. Compliance with any certifications or assurances submitted by or on behalf of the recipient that relate to conduct during the period of performance also is a material requirement of this award.

    Failure to comply with any one or more of these award requirements -- whether a condition set out in full below, a condition incorporated by reference below, or a certification or assurance related to conduct during the award period -- may result in the Office of Justice Programs ("OJP") taking appropriate action with respect to the recipient and the award. Among other things, the OJP may withhold award funds, disallow costs, or suspend or terminate the award. The Department of Justice ("DOJ"), including OJP, also may take other legal action as appropriate.

    Any materially false, fictitious, or fraudulent statement to the federal government related to this award (or concealment or omission of a material fact) may be the subject of criminal prosecution (including under 18 U.S.C. 1001 and/or 1621, and/or 34 U.S.C. 10271-10273), and also may lead to imposition of civil penalties and administrative remedies for false claims or otherwise (including under 31 U.S.C. 3729-3730 and 3801-3812).

    Should any provision of a requirement of this award be held to be invalid or unenforceable by its terms, that provision shall first be applied with a limited construction so as to give it the maximum effect permitted by law. Should it be held, instead, that the provision is utterly invalid or -unenforceable, such provision shall be deemed severable from this award.

2. Applicability of Part 200 Uniform Requirements

    The Uniform Administrative Requirements, Cost Principles, and Audit Requirements in 2 C.F.R. Part 200, as adopted and supplemented by DOJ in 2 C.F.R. Part 2800 (together, the "Part 200 Uniform Requirements") apply to this FY 2018 award from OJP.

    The Part 200 Uniform Requirements were first adopted by DOJ on December 26, 2014. If this FY 2018 award supplements funds previously awarded by OJP under the same award number (e.g., funds awarded during or before December 2014), the Part 200 Uniform Requirements apply with respect to all funds under that award number (regardless of the award date, and regardless of whether derived from the initial award or a supplemental award) that are obligated on or after the acceptance date of this FY 2018 award.

    For more information and resources on the Part 200 Uniform Requirements as they relate to OJP awards and subawards ("subgrants"), see the OJP website at https://ojp.gov/funding/Part200UniformRequirements.htm.

    Record retention and access: Records pertinent to the award that the recipient (and any subrecipient ("subgrantee") at any tier) must retain -- typically for a period of 3 years from the date of submission of the final expenditure report (SF 425), unless a different retention period applies -- and to which the recipient (and any subrecipient ("subgrantee") at any tier) must provide access, include performance measurement information, in addition to the financial records, supporting documents, statistical records, and other pertinent records indicated at 2 C.F.R. 200.333.

    In the event that an award-related question arises from documents or other materials prepared or distributed by OJP that may appear to conflict with, or differ in some way from, the provisions of the Part 200 Uniform Requirements, the recipient is to contact OJP promptly for clarification.



OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE   3   OF   22

| PROJECT NUMBER  2018-MU-BX-0121 | AWARD DATE   10/01/2018 |

*SPECIAL CONDITIONS*

3.  Compliance with DOJ Grants Financial Guide

References to the DOJ Grants Financial Guide are to the DOJ Grants Financial Guide as posted on the OJP website (currently, the "DOJ Grants Financial Guide" available at https://ojp.gov/financialguide/DOJ/index.htm), including any updated version that may be posted during the period of performance.   The recipient agrees to comply with the DOJ Grants Financial Guide.

4.  Reclassification of various statutory provisions to a new Title 34 of the United States Code

On September 1, 2017, various statutory provisions previously codified elsewhere in the U.S. Code were editorially reclassified to a new Title 34, entitled "Crime Control and Law Enforcement." The reclassification encompassed a number of statutory provisions pertinent to OJP awards (that is, OJP grants and cooperative agreements), including many provisions previously codified in Title 42 of the U.S. Code

Effective as of September 1, 2017, any reference in this award document to a statutory provision that has been reclassified to the new Title 34 of the U.S. Code is to be read as a reference to that statutory provision as reclassified to Title 34. This rule of construction specifically includes references set out in award conditions, references set out in material incorporated by reference through award conditions, and references set out in other award requirements

5.  Required training for Point of Contact and all Financial Points of Contact

Both the Point of Contact (POC) and all Financial Points of Contact (FPOCs) for this award must have successfully completed an "OJP financial management and grant administration training" by 120 days after the date of the recipient's acceptance of the award.  Successful completion of such a training on or after January 1, 2016, will satisfy this condition

In the event that either the POC or an FPOC for this award changes during the period of performance, the new POC or FPOC must have successfully completed an "OJP financial management and grant administration training" by 120 calendar days after-- (1) the date of OJP's approval of the "Change Grantee Contact" GAN (in the case of a new POC), or (2) the date the POC enters information on the new FPOC in GMS (in the case of a new FPOC).  Successful completion of such a training on or after January 1, 2016, will satisfy this condition

A list of OJP trainings that OJP will consider "OJP financial management and grant administration training" for purposes of this condition is available at https://www.ojp.gov/training-fms.htm   All trainings that satisfy this condition include a session on grant fraud prevention and detection.

The recipient should anticipate that OJP will immediately withhold ("freeze") award funds if the recipient fails to comply with this condition.  The recipient's failure to comply also may lead OJP to impose additional appropriate conditions on this award.

6.  Requirements related to "de minimis" indirect cost rate

A recipient that is eligible under the Part 200 Uniform Requirements and other applicable law to use the "de minimis" indirect cost rate described in 2 C.F.R. 200.414(f), and that elects to use the "de minimis" indirect cost rate, must advise OJP in writing of both its eligibility and its election, and must comply with all associated requirements in the Part 200 Uniform Requirements.  The "de minimis" rate may be applied only to modified total direct costs (MTDC) as defined by the Part 200 Uniform Requirements.



OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE  4  OF  22

PROJECT NUMBER    2018-MU-BX-0123          AWARD DATE    10/01/2018

*SPECIAL CONDITIONS*

7.   Requirement to report potentially duplicative funding

If the recipient currently has other active awards of federal funds, or if the recipient receives any other award of federal funds during the period of performance for this award, the recipient promptly must determine whether funds from any of those other federal awards have been, are being, or are to be used (in whole or in part) for one or more of the identical cost items for which funds are provided under this award. If so, the recipient must promptly notify the DOJ awarding agency (OJP or OVW, as appropriate) in writing of the potential duplication, and, if so requested by the DOJ awarding agency, must seek a budget-modification or change-of-project-scope grant adjustment notice (GAN) to eliminate any inappropriate duplication of funding.

8.   Requirements related to System for Award Management and Universal Identifier Requirements

The recipient must comply with applicable requirements regarding the System for Award Management (SAM), currently accessible at https://www.sam.gov/. This includes applicable requirements regarding registration with SAM, as well as maintaining the currency of information in SAM.

The recipient also must comply with applicable restrictions on subawards ("subgrants") to first-tier subrecipients (first-tier "subgrantees"), including restrictions on subawards to entities that do not acquire and provide (to the recipient) the unique entity identifier required for SAM registration.

The details of the recipient's obligations related to SAM and to unique entity identifiers are posted on the OJP web site at https://ojp.gov/funding/Explore/SAM.htm (Award condition: System for Award Management (SAM) and Universal Identifier Requirements), and are incorporated by reference here.

This condition does not apply to an award to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).

9.   Requirement to report actual or imminent breach of personally identifiable information (PII)

The recipient (and any "subrecipient" at any tier) must have written procedures in place to respond in the event of an actual or imminent "breach" (OMB M-17-12) if it (or a subrecipient)— 1) creates, collects, uses, processes, stores, maintains, disseminates, discloses, or disposes of "personally identifiable information (PII)" (2 CFR 200.79) within the scope of an OJP grant-funded program or activity, or 2) uses or operates a "Federal information system" (OMB Circular A-130). The recipient's breach procedures must include a requirement to report actual or imminent breach of PII to an OJP Program Manager no later than 24 hours after an occurrence of an actual breach, or the detection of an imminent breach.

10.   All subawards ("subgrants") must have specific federal authorization

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements for authorization of any subaward. This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a "subaward" (and therefore does not consider a procurement "contract").

The details of the requirement for authorization of any subaward are posted on the OJP web site at https://ojp.gov/funding/Explore/SubawardAuthorization.htm (Award condition: All subawards ("subgrants") must have specific federal authorization), and are incorporated by reference here.

OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**
Grant

PAGE 5 OF 22

PROJECT NUMBER  2018-MU-BX-0121                AWARD DATE   10 01 2018

*SPECIAL CONDITIONS*

11.  Specific post-award approval required to use a noncompetitive approach in any procurement contract that would exceed $150,000

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements to obtain specific advance approval to use a noncompetitive approach in any procurement contract that would exceed the Simplified Acquisition Threshold (currently, $150,000). This condition applies to agreements that -- for purposes of federal grants administrative requirements -- OJP considers a procurement "contract" (and therefore does not consider a subaward).

The details of the requirement for advance approval to use a noncompetitive approach in a procurement contract under an OJP award are posted on the OJP web site at https://ojp.gov/funding/Explore/NoncompetitiveProcurement.htm (Award condition: Specific post-award approval required to use a noncompetitive approach in a procurement contract (if contract would exceed $150,000)), and are incorporated by reference here.

12.  Requirements pertaining to prohibited conduct related to trafficking in persons (including reporting requirements and OJP authority to terminate award)

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements (including requirements to report allegations) pertaining to prohibited conduct related to the trafficking of persons, whether on the part of recipients, subrecipients ("subgrantees"), or individuals defined (for purposes of this condition) as "employees" of the recipient or of any subrecipient.

The details of the recipient's obligations related to prohibited conduct related to trafficking in persons are posted on the OJP web site at https://ojp.gov/funding/Explore/ProhibitedConduct-Trafficking.htm (Award condition: Prohibited conduct by recipients and subrecipients related to trafficking in persons (including reporting requirements and OJP authority to terminate award)), and are incorporated by reference here.

13.  Compliance with applicable rules regarding approval, planning, and reporting of conferences, meetings, trainings, and other events

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable laws, regulations, policies, and official DOJ guidance (including specific cost limits, prior approval and reporting requirements, where applicable) governing the use of federal funds for expenses related to conferences (as that term is defined by DOJ), including the provision of food and/or beverages at such conferences, and costs of attendance at such conferences.

Information on the pertinent DOJ definition of conferences and the rules applicable to this award appears in the DOJ Grants Financial Guide (currently, as section 3.10 of "Postaward Requirements" in the "DOJ Grants Financial Guide").

14.  Requirement for data on performance and effectiveness under the award

The recipient must collect and maintain data that measure the performance and effectiveness of work under this award. The data must be provided to OJP in the manner (including within the timeframes) specified by OJP in the program solicitation or other applicable written guidance. Data collection supports compliance with the Government Performance and Results Act (GPRA) and the GPRA Modernization Act of 2010, and other applicable laws.

15.  OJP Training Guiding Principles

Any training or training materials that the recipient -- or any subrecipient ("subgrantee") at any tier -- develops or delivers with OJP award funds must adhere to the OJP Training Guiding Principles for Grantees and Subgrantees, available at https://ojp.gov/funding/Implement/TrainingPrinciplesForGrantees-Subgrantees.htm.

OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



| U.S. Department of Justice | AWARD CONTINUATION | |
|---|---|---|
| Office of Justice Programs | SHEET | PAGE 6 OF 22 |
| **Bureau of Justice Assistance** | Grant | |

| PROJECT NUMBER | 2018-MU-BX-0124 | AWARD DATE | 10/01/2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

16. Effect of failure to address audit issues

The recipient understands and agrees that the DOJ awarding agency (OJP or OVW, as appropriate) may withhold award funds, or may impose other related requirements, if (as determined by the DOJ awarding agency) the recipient does not satisfactorily and promptly address outstanding issues from audits required by the Part 200 Uniform Requirements (or by the terms of this award), or other outstanding issues that arise in connection with audits, investigations, or reviews of DOJ awards.

17. Potential imposition of additional requirements

The recipient agrees to comply with any additional requirements that may be imposed by the DOJ awarding agency (OJP or OVW, as appropriate) during the period of performance for this award, if the recipient is designated as "high-risk" for purposes of the DOJ high-risk grantee list.

18. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 42

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 42, specifically including any applicable requirements in Subpart E of 28 C.F.R. Part 42 that relate to an equal employment opportunity program.

19. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 54

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 54, which relates to nondiscrimination on the basis of sex in certain "education programs."

20. Compliance with DOJ regulations pertaining to civil rights and nondiscrimination - 28 C.F.R. Part 38

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable requirements of 28 C.F.R. Part 38, specifically including any applicable requirements regarding written notice to program beneficiaries and prospective program beneficiaries.

Among other things, 28 C.F.R. Part 38 includes rules that prohibit specific forms of discrimination on the basis of religion, a religious belief, a refusal to hold a religious belief, or refusal to attend or participate in a religious practice. Part 38 also sets out rules and requirements that pertain to recipient and subrecipient ("subgrantee") organizations that engage in or conduct explicitly religious activities, as well as rules and requirements that pertain to recipients and subrecipients that are faith-based or religious organizations.

The text of the regulation, now entitled "Partnerships with Faith-Based and Other Neighborhood Organizations," is available via the Electronic Code of Federal Regulations (currently accessible at https://www.ecfr.gov/cgi-bin/ECFR?page=browse), by browsing to Title 28-Judicial Administration, Chapter 1, Part 38, under e-CFR "current" data.



EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE  7  OF  22

PROJECT NUMBER     2018-MU-BX-0121                          AWARD DATE     10-01-2018

*SPECIAL CONDITIONS*

21.  Restrictions on "lobbying"

In general, as a matter of federal law, federal funds awarded by OJP may not be used by the recipient, or any subrecipient ("subgrantee") at any tier, either directly or indirectly, to support or oppose the enactment, repeal, modification, or adoption of any law, regulation, or policy, at any level of government. See 18 U.S.C. 1913. (There may be exceptions if an applicable federal statute specifically authorizes certain activities that otherwise would be barred by law.)

Another federal law generally prohibits federal funds awarded by OJP from being used by the recipient, or any subrecipient at any tier, to pay any person to influence (or attempt to influence) a federal agency, a Member of Congress, or Congress (or an official or employee of any of them) with respect to the awarding of a federal grant or cooperative agreement, subgrant, contract, subcontract, or loan, or with respect to actions such as renewing, extending, or modifying any such award. See 31 U.S.C. 1352. Certain exceptions to this law apply, including an exception that applies to Indian tribes and tribal organizations.

Should any question arise as to whether a particular use of federal funds by a recipient (or subrecipient) would or might fall within the scope of these prohibitions, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

22.  Compliance with general appropriations-law restrictions on the use of federal funds (FY 2018)

The recipient, and any subrecipient ("subgrantee") at any tier, must comply with all applicable restrictions on the use of federal funds set out in federal appropriations statutes. Pertinent restrictions, including from various "general provisions" in the Consolidated Appropriations Act, 2018, are set out at https://ojp.gov/funding/Explore/FY18AppropriationsRestrictions.htm, and are incorporated by reference here.

Should a question arise as to whether a particular use of federal funds by a recipient (or subrecipient) would or might fall within the scope of an appropriations-law restriction, the recipient is to contact OJP for guidance, and may not proceed without the express prior written approval of OJP.

23.  Reporting Potential Fraud, Waste, and Abuse, and Similar Misconduct

The recipient and any subrecipients ("subgrantees") must promptly refer to the DOJ Office of the Inspector General (OIG) any credible evidence that a principal, employee, agent, subrecipient, contractor, subcontractor, or other person has, in connection with funds under this award -- (1) submitted a claim that violates the False Claims Act; or (2) committed a criminal or civil violation of laws pertaining to fraud, conflict of interest, bribery, gratuity, or similar misconduct.

Potential fraud, waste, abuse, or misconduct involving or relating to funds under this award should be reported to the OIG by-- (1) mail directed to: Office of the Inspector General, U.S. Department of Justice, Investigations Division, 1425 New York Avenue, N.W., Suite 7100, Washington, DC 20530; and/or (2) the DOJ OIG hotline: (contact information in English and Spanish) at (800) 869-4499 (phone) or (202) 616-9881 (fax).

Additional information is available from the DOJ OIG website at https://oig.justice.gov/hotline.

OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET

Grant

PAGE 8 OF 22

| PROJECT NUMBER 2018-MU-BX-0121 | AWARD DATE 10/11/2018 |
| --- | --- |

*SPECIAL CONDITIONS*

24. Restrictions and certifications regarding non-disclosure agreements and related matters

No recipient or subrecipient ("subgrantee") under this award, or entity that receives a procurement contract or subcontract with any funds under this award, may require any employee or contractor to sign an internal confidentiality agreement or statement that prohibits or otherwise restricts, or purports to prohibit or restrict, the reporting (in accordance with law) of waste, fraud, or abuse to an investigative or law enforcement representative of a federal department or agency authorized to receive such information.

The foregoing is not intended, and shall not be understood by the agency making this award, to contravene requirements applicable to Standard Form 312 (which relates to classified information), Form 4414 (which relates to sensitive compartmented information), or any other form issued by a federal department or agency governing the nondisclosure of classified information.

1. In accepting this award, the recipient--

a. represents that it neither requires nor has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

b. certifies that, if it learns or is notified that it is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds, will provide the prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.

2. If the recipient does or is authorized under this award to make subawards ("subgrants"), procurement contracts, or both--

a. it represents that--

(1) it has determined that no other entity that the recipient's application proposes may or will receive award funds (whether through a subaward ("subgrant"), procurement contract, or subcontract under a procurement contract) either requires or has required internal confidentiality agreements or statements from employees or contractors that currently prohibit or otherwise currently restrict (or purport to prohibit or restrict) employees or contractors from reporting waste, fraud, or abuse as described above; and

(2) it has made appropriate inquiry, or otherwise has an adequate factual basis, to support this representation; and

b. it certifies that, if it learns or is notified that any subrecipient, contractor, or subcontractor entity that receives funds under this award is or has been requiring its employees or contractors to execute agreements or statements that prohibit or otherwise restrict (or purport to prohibit or restrict), reporting of waste, fraud, or abuse as described above, it will immediately stop any further obligations of award funds to or by that entity, will provide prompt written notification to the federal agency making this award, and will resume (or permit resumption of) such obligations only if expressly authorized to do so by that agency.



EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE 9 OF 22

| PROJECT NUMBER | 2018-MU-BX-0121 | AWARD DATE | 10-01-2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

25. Compliance with 41 U.S.C. 4712 (including prohibitions on reprisal; notice to employees)

The recipient (and any subrecipient at any tier) must comply with, and is subject to, all applicable provisions of 41 U.S.C. 4712, including all applicable provisions that prohibit, under specified circumstances, discrimination against an employee as reprisal for the employee's disclosure of information related to gross mismanagement of a federal grant, a gross waste of federal funds, an abuse of authority relating to a federal grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a federal grant.

The recipient also must inform its employees, in writing (and in the predominant native language of the workforce), of employee rights and remedies under 41 U.S.C. 4712.

Should a question arise as to the applicability of the provisions of 41 U.S.C. 4712 to this award, the recipient is to contact the DOJ awarding agency (OJP or OVW, as appropriate) for guidance.

26. Encouragement of policies to ban text messaging while driving

Pursuant to Executive Order 13513, "Federal Leadership on Reducing Text Messaging While Driving," 74 Fed. Reg. 51225 (October 1, 2009), DOJ encourages recipients and subrecipients ("subgrantees") to adopt and enforce policies banning employees from text messaging while driving any vehicle during the course of performing work funded by this award, and to establish workplace safety policies and conduct education, awareness, and other outreach to decrease crashes caused by distracted drivers.

27. Requirement to disclose whether recipient is designated "high risk" by a federal grant-making agency outside of DOJ

If the recipient is designated "high risk" by a federal grant-making agency outside of DOJ, currently or at any time during the course of the period of performance under this award, the recipient must disclose that fact and certain related information to OJP by email at OJP.ComplianceReporting@ojp.usdoj.gov. For purposes of this disclosure, high risk includes any status under which a federal awarding agency provides additional oversight due to the recipient's past performance, or other programmatic or financial concerns with the recipient. The recipient's disclosure must include the following: 1. The federal awarding agency that currently designates the recipient high risk, 2. The date the recipient was designated high risk, 3. The high-risk point of contact at that federal awarding agency (name, phone number, and email address), and 4. The reasons for the high-risk status, as set out by the federal awarding agency.

28. Cooperating with OJP Monitoring

The recipient agrees to cooperate with OJP monitoring of this award pursuant to OJP's guidelines, protocols, and procedures, and to cooperate with OJP (including the grant manager for this award and the Office of Chief Financial Officer (OCFO)) requests related to such monitoring, including requests related to desk reviews and/or site visits. The recipient agrees to provide to OJP all documentation necessary for OJP to complete its monitoring tasks, including documentation related to any subawards made under this award. Further, the recipient agrees to abide by reasonable deadlines set by OJP for providing the requested documents. Failure to cooperate with OJP's monitoring activities may result in actions that affect the recipient's DOJ awards, including, but not limited to: withholdings and/or other restrictions on the recipient's access to award funds; referral to the DOJ OIG for audit review; designation of the recipient as a DOJ High Risk grantee; or termination of an award(s).



OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE  10  OF  22

| PROJECT NUMBER   2018-VR-BX-0121 | AWARD DATE   10/01/2018 |
| --- | --- |

*SPECIAL CONDITIONS*

29. FFATA reporting: Subawards and executive compensation

The recipient must comply with applicable requirements to report first-tier subawards ("subgrants") of $25,000 or more and, in certain circumstances, to report the names and total compensation of the five most highly compensated executives of the recipient and first-tier subrecipients (first-tier "subgrantees") of award funds. The details of recipient obligations, which derive from the Federal Funding Accountability and Transparency Act of 2006 (FFATA), are posted on the OJP web site at https://ojp.gov/funding/Explore/FFATA.htm (Award condition: Reporting Subawards and Executive Compensation) and are incorporated by reference here.

This condition, including its reporting requirement, does not apply to—(1) an award of less than $25,000, or (2) an award made to an individual who received the award as a natural person (i.e., unrelated to any business or non-profit organization that he or she may own or operate in his or her name).

30. Required monitoring of subawards

The recipient must monitor subawards under this award in accordance with all applicable statutes, regulations, award conditions, and the DOJ Grants Financial Guide, and must include the applicable conditions of this award in any subaward. Among other things, the recipient is responsible for oversight of subrecipient spending and monitoring of specific outcomes and benefits attributable to use of award funds by subrecipients. The recipient agrees to submit, upon request, documentation of its policies and procedures for monitoring of subawards under this award.

31. Use of program income

Program income (as defined in the Part 200 Uniform Requirements) must be used in accordance with the provisions of the Part 200 Uniform Requirements. Program income earnings and expenditures both must be reported on the quarterly Federal Financial Report, SF-425.

32. Justice Information Sharing

Information sharing projects funded under this award must comply with DOJ's Global Justice Information Sharing Initiative (Global) guidelines. The recipient (and any subrecipient at any tier) must conform to the Global Standards Package (GSP) and all constituent elements, where applicable, as described at https://it.ojp.gov/gsp_grantcondition. The recipient (and any subrecipient at any tier) must document planned approaches to information sharing and describe compliance with the GSP and appropriate privacy policy that protects shared information, or provide detailed justification for why an alternative approach is recommended.

33. Avoidance of duplication of networks

To avoid duplicating existing networks or IT systems in any initiatives funded by BJA for law enforcement information sharing systems which involve interstate connectivity between jurisdictions, such systems shall employ, to the extent possible, existing networks as the communication backbone to achieve interstate connectivity, unless the recipient can demonstrate to the satisfaction of BJA that this requirement would not be cost effective or would impair the functionality of an existing or proposed IT system.

34. Compliance with 28 C.F.R. Part 23

With respect to any information technology system funded or supported by funds under this award, the recipient (and any subrecipient at any tier) must comply with 28 C.F.R. Part 23, Criminal Intelligence Systems Operating Policies, if OJP determines this regulation to be applicable. Should OJP determine 28 C.F.R. Part 23 to be applicable, OJP may, at its discretion, perform audits of the system, as per the regulation. Should any violation of 28 C.F.R. Part 23 occur, the recipient may be fined as per 34 U.S.C. 10231(c)-(d). The recipient may not satisfy such a fine with federal funds.

OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET**
Grant

PAGE 11 OF 22

| PROJECT NUMBER 2018-MU-BX-0121 | AWARD DATE 10/01/2018 |

*SPECIAL CONDITIONS*

35. Protection of human research subjects

The recipient (and any subrecipient at any tier) must comply with the requirements of 28 C.F.R. Part 46 and all OJP policies and procedures regarding the protection of human research subjects, including obtainment of Institutional Review Board approval, if appropriate, and subject informed consent.

36. Confidentiality of data

The recipient (and any subrecipient at any tier) must comply with all confidentiality requirements of 34 U.S.C. 10231 and 28 C.F.R. Part 22 that are applicable to collection, use, and revelation of data or information. The recipient further agrees, as a condition of award approval, to submit a Privacy Certificate that is in accord with requirements of 28 C.F.R. Part 22 and, in particular, 28 C.F.R. 22.23.

37. Verification and updating of recipient contact information

The recipient must verify its Point of Contact (POC), Financial Point of Contact (FPOC), and Authorized Representative contact information in GMS, including telephone number and e-mail address. If any information is incorrect or has changed, a Grant Adjustment Notice (GAN) must be submitted via the Grants Management System (GMS) to document changes.

38. Law enforcement task forces - required training

Within 120 days of award acceptance, each current member of a law enforcement task force funded with award funds who is a task force commander, agency executive, task force officer, or other task force member of equivalent rank, must complete required online (internet-based) task force training. Additionally, all future task force members must complete this training once during the period of performance for this award, or once every four years if multiple OJP awards include this requirement.

The required training is available free of charge online through the BJA-funded Center for Task Force Integrity and Leadership (www.ctfli.org). The training addresses task force effectiveness, as well as other key issues including privacy and civil liberties/rights, task force performance measurement, personnel selection, and task force oversight and accountability. If award funds are used to support a task force, the recipient must compile and maintain a task force personnel roster, along with course completion certificates.

Additional information regarding the training is available through BJA's web site and the Center for Task Force Integrity and Leadership (www.ctfli.org).

39. Justification of consultant rate

Approval of this award does not indicate approval of any consultant rate in excess of $650 per day. A detailed justification must be submitted to and approved by the OJP program office prior to obligation or expenditure of such funds.



EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE   12  OF  22

PROJECT NUMBER   2018-MU-BX-0121                    AWARD DATE   10-01-2018

*SPECIAL CONDITIONS*

40.    Submission of eligible records relevant to the National Instant Background Check System

Consonant with federal statutes that pertain to firearms and background checks -- including 18 U.S.C. 922 and 34
U.S.C. ch. 409 -- if the recipient (or any subrecipient at any tier) uses this award to fund (in whole or in part) a specific
project or program (such as a law enforcement, prosecution, or court program) that results in any court dispositions,
information, or other records that are "eligible records" (under federal or State law) relevant to the National Instant
Background Check System (NICS), or that has as one of its purposes the establishment or improvement of records
systems that contain any court dispositions, information, or other records that are "eligible records" (under federal or
State law) relevant to the NICS, the recipient (or subrecipient, if applicable) must ensure that all such court
dispositions, information, or other records that are "eligible records" (under federal or State law) relevant to the NICS
are promptly made available to the NICS or to the "State" repository/database that is electronically available to (and
accessed by) the NICS, and -- when appropriate -- promptly must update, correct, modify, or remove such NICS-
relevant "eligible records".

In the event of minor and transitory non-compliance, the recipient may submit evidence to demonstrate diligent
monitoring of compliance with this condition (including subrecipient compliance). DOJ will give great weight to any
such evidence in any express written determination regarding this condition.

41.    Certification of Compliance with 8 U.S.C. 1373 and 1644 (within the funded "program or activity") required for valid
award acceptance by a "State"

In order validly to accept this award, the prospective recipient must submit the required "State or Local Government:
FY 2018 Certification of Compliance with 8 U.S.C. 1373 and 1644" (executed by the chief legal officer of the State).
Unless that executed certification either-- (1) is submitted to OJP together with the fully-executed award document, or
(2) is uploaded in OJP's GMS no later than the day the signed award document is submitted to OJP, any submission by
a State that purports to accept the award is invalid.

If an initial award-acceptance submission by the recipient is invalid, once the State does submit the necessary
certification regarding 8 U.S.C. 1373 and 1644, the State may submit a fully-executed award document executed by
the State on or after the date of that certification.



OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE 13 OF 22

PROJECT NUMBER 2018-MU-BX-0020          AWARD DATE 10/01/2018

SPECIAL CONDITIONS

42. Noninterference (within the funded "program or activity") with federal law enforcement; 8 U.S.C. 1373 and 1644; ongoing compliance

1. With respect to the "program or activity" funded in whole or part under this award (including any such program or activity of any subrecipient at any tier), throughout the period of performance, no State or local government entity, - agency, or -official may prohibit or in any way restrict-- (1) any government entity or -official from sending to or receiving information regarding citizenship or immigration status as described in 8 U.S.C. 1373(a); or (2) a government entity or -agency from sending, requesting or receiving, maintaining, or exchanging information regarding immigration status as described in either 8 U.S.C. 1373(b) or 1644. Any prohibition (or restriction) that violates this condition is an "information-communication restriction" under this award.

2. Certifications from subrecipients. The recipient may not make a subaward to a State, a local government, or a "public" institution of higher education, unless it first obtains a certification of compliance with 8 U.S.C. 1373 and 1644, properly executed by the chief legal officer of the government or educational institution that would receive the subaward, using the appropriate form available at https://ojp.gov/funding/Explore/SampleCertifications-8USC1373.htm Also, the recipient must require that no subrecipient (at any tier) may make a further subaward to a State, a local government, or a public institution of higher education, unless it first obtains a certification of compliance with 8 U.S.C. 1373 and 1644, properly executed by the chief legal officer of the government or institution that would receive the further subaward, using the appropriate OJP form.

3. The recipient's monitoring responsibilities include monitoring of subrecipient compliance with the requirements of this condition.

4. Allowable costs. Compliance with these requirements is an authorized and priority purpose of this award. To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) that the recipient, or any subrecipient at any tier that is a State, a local government, or a public institution of higher education, incurs to implement this condition.

5. Rules of Construction

A. For purposes of this condition:

(1) "State" and "local government" include any agency or other entity thereof, but not any institution of higher education or any Indian tribe.

(2) A "public" institution of higher education is defined as one that is owned, controlled, or directly funded (in whole or in substantial part) by a State or local government. (Such a public institution is considered to be a "government entity," and its officials to be "government officials.")

(3) "Program or activity" means what it means under title VI of the Civil Rights Act of 1964 (see 42 U.S.C. 2000d-4a).

(4) "Immigration status" means what it means under 8 U.S.C. 1373 and 8 U.S.C. 1644; and terms that are defined in 8 U.S.C. 1101 mean what they mean under that section 1101, except that "State" also includes American Samoa.

(5) Pursuant to the provisions set out at (or referenced in) 8 U.S.C. 1551 note ("Abolition ... and Transfer of Functions"), references to the "Immigration and Naturalization Service" in 8 U.S.C. 1373 and 1644 are to be read as references to particular components of the Department of Homeland Security (DHS).

B. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, any public institution of higher education, or any other entity (or individual) to violate any federal law, including any applicable civil rights or nondiscrimination law.

IMPORTANT NOTE: Any questions about the meaning or scope of this condition should be directed to OJP, before

OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE 14 OF 22

PROJECT NUMBER   2018-MU-BX-0121

AWARD DATE   10-01-2018

*SPECIAL CONDITIONS*

award acceptance.

43.  Authority to obligate award funds contingent on noninterference (within the funded "program or activity") with federal law enforcement (8 U.S.C. 1373 and 1644); unallowable costs; notification

1. If the recipient is a "State," a local government, or a "public" institution of higher education:

A. The recipient may not obligate award funds if, at the time of the obligation, the "program or activity" of the recipient (or of any subrecipient at any tier that is a State, a local government, or a public institution of higher education) that is funded in whole or in part with award funds is subject to any "information-communication restriction."

B. In addition, with respect to any project costs it incurs "at risk," the recipient may not obligate award funds to reimburse itself if -- at the time it incurs such costs -- the program or activity of the recipient (or of any subrecipient at any tier that is a State, a local government, or a public institution of higher education) that would be reimbursed in whole or in part with award funds was subject to any information-communication restriction.

C. Any drawdown of award funds by the recipient shall be considered, for all purposes, to be a material representation by the recipient to OJP that, as of the date the recipient requests the drawdown, the recipient and each subrecipient (regardless of tier) that is a State, local government, or public institution of higher education, is in compliance with the award condition entitled "Noninterference (within the funded 'program or activity') with federal law enforcement; 8 U.S.C. 1373 and 1644 and ongoing compliance."

D. The recipient must promptly notify OJP (in writing) if the recipient, from its requisite monitoring of compliance with award conditions or otherwise, has credible evidence that indicates that the funded "program or activity" of the recipient, or of any subrecipient at any tier that is either a State or a local government or a public institution of higher education, may be subject to any information-communication restriction. In addition, any subaward (at any tier) to a subrecipient that is a State, a local government, or a public institution of higher education must require prompt notification to the entity that made the subaward, should the subrecipient have such credible evidence regarding an information-communication restriction.

2. Any subaward (at any tier) to a subrecipient that is a State, a local government, or a public institution of higher education must provide that the subrecipient may not obligate award funds if, at the time of the obligation, the program or activity of the subrecipient (or of any further such subrecipient at any tier) that is funded in whole or in part with award funds is subject to any information-communication restriction.

3. Absent an express written determination by DOJ to the contrary, based upon a finding by DOJ of compelling circumstances (e.g., a small amount of award funds obligated by the recipient at the time of a subrecipient's minor and transitory non-compliance, which was unknown to the recipient despite diligent monitoring), any obligations of award funds that, under this condition, may not be made shall be unallowable costs for purposes of this award. In making any such determination, DOJ will give great weight to evidence submitted by the recipient that demonstrates diligent monitoring of subrecipient compliance with the requirements set out in the "Noninterference ... 8 U.S.C. 1373 and 1644 and ongoing compliance" award condition.

4. Rules of Construction

A. For purposes of this condition "information-communication restriction" has the meaning set out in the "Noninterference ... 8 U.S.C. 1373 and 1644 and ongoing compliance" condition.

B. Both the "Rules of Construction" and the "Important Note" set out in the "Noninterference ... 8 U.S.C. 1373 and 1644 and ongoing compliance" condition are incorporated by reference as though set forth here in full.

OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE  15  OF  22

| PROJECT NUMBER  2018-XR-BX-0121 | AWARD DATE  10 01 2018 |
| --- | --- |

*SPECIAL CONDITIONS*

44. Noninterference (within the funded "program or activity") with federal law enforcement: No public disclosure of certain law enforcement sensitive information

SCOPE  This condition applies with respect to the "program or activity" that is funded (in whole or in part) by the award, as of the date the recipient accepts this award, and throughout the remainder of the period of performance  Its provisions must be among those included in any subaward (at any tier)

1. Noninterference  No public disclosure of federal law enforcement information in order to conceal, harbor, or shield

Consistent with the purposes and objectives of federal law enforcement statutes and federal criminal law (including 8 U.S.C. 1324 and 18 U.S.C. chs. 1, 49, 227), no public disclosure may be made of any federal law enforcement information in a direct or indirect attempt to conceal, harbor, or shield from detection any fugitive from justice under 18 U.S.C. ch. 49, or any alien who has come to, entered, or remains in the United States in violation of 8 U.S.C. ch. 12 -- without regard to whether such disclosure would constitute (or could form a predicate for) a violation of 18 U.S.C. 1071 or 1072 or of 8 U.S.C. 1324(a)

2. Monitoring

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with this condition.

3. Allowable costs

To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allowable costs (if any) of actions (e.g., training) designed to ensure compliance with this condition.

4. Rules of construction

A. For purposes of this condition-

(1) the term "alien" means what it means under section 101 of the Immigration and Nationality Act (see 8 U.S.C. 1101(a)(3));

(2) the term "federal law enforcement information" means law enforcement sensitive information communicated or made available, by the federal government, to a State or local government entity, -agency, or -official, through any means, including, without limitation - (1) through any database, (2) in connection with any law enforcement partnership or -task-force, (3) in connection with any request for law enforcement assistance or -cooperation, or (4) through any deconfliction (or courtesy) notice of planned, imminent, commencing, continuing, or impending federal law enforcement activity;

(3) the term "law enforcement sensitive information" means records or information compiled for any law enforcement purpose; and

(4) the term "public disclosure" means any communication or release other than one-- (a) within the recipient, or (b) to any subrecipient (at any tier) that is a government entity.

B. Both the "Rules of Construction" and the "Important Note" set out in the "Noninterference (within the funded 'program or activity') with federal law enforcement: 8 U.S.C. 1373 and 1644 and ongoing compliance" award condition are incorporated by reference as though set forth here in full.



OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE  16  OF  22

| PROJECT NUMBER | 2018-MU-BX-0123 | AWARD DATE | JULY 2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

45. Noninterference (within the funded "program or activity") with federal law enforcement: Interrogation of certain aliens

SCOPE. This condition applies with respect to the "program or activity" that is funded (in whole or in part) by this award, as of the date the recipient accepts this award, and throughout the remainder of the period of performance for the award. Its provisions must be among those included in any subaward (at any tier).

1. Noninterference with statutory law enforcement access to correctional facilities

Consonant with federal law enforcement statutes and regulations -- including 8 U.S.C. 1357(a), under which certain federal officers and employees "have power without warrant ... to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States," and 8 C.F.R. 287.5(a), under which that power may be exercised "anywhere in or outside the United States" -- within the funded program or activity, no State or local government entity, -agency, or -official may interfere with the exercise of that power to interrogate "without warrant" (by agents of the United States acting under color of federal law) by impeding access to any State or local government (or government-contracted) correctional facility by such agents for the purpose "interrogat[ing] any alien or person believed to be an alien as to his [or her] right to be or to remain in the United States."

2. Monitoring

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with this condition.

3. Allowable costs

To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) of actions (e.g., training) designed to ensure compliance with this condition.

4. Rules of construction

A. For purposes of this condition,

(1) The term "alien" means what it means under section 101 of the Immigration and Nationality Act (INA) (see 8 U.S.C. 1101(a)(3)).

(2) The term "correctional facility" means what it means under the title I of the Omnibus Crime Control and Safe Streets Act of 1968 (see 34 U.S.C. 10251(a)(7)).

(3) The term "impede" includes taking or continuing any action, or implementing or maintaining any law, policy, rule, or practice, that--

(a) is designed to prevent or to significantly delay or complicate, or

(b) has the effect of preventing or of significantly delaying or complicating.

B. Both the "Rules of Construction" and the "Important Note" set out in the "Noninterference (within the funded 'program or activity') with federal law enforcement: 8 U.S.C. 1373 and 1644 and ongoing compliance" award condition are incorporated by reference as though set forth here in full.



EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE 17 OF 22

| PROJECT NUMBER | 2018-ALJ-BX-0121 | AWARD DATE | 10/01/2018 |

## SPECIAL CONDITIONS

46. Noninterference (within the funded "program or activity") with federal law enforcement: Notice of scheduled release

SCOPE. This condition applies with respect to the "program or activity" that is funded (in whole or in part) by the award, as of the date the recipient accepts the award, and throughout the remainder of the period of performance. Its provisions must be among those included in any subaward at any tier.

1. Noninterference with "removal" process: Notice of scheduled release date and time

Consonant with federal law enforcement statutes -- including 8 U.S.C. 1231 (for an alien incarcerated by a State or local government, a 90-day "removal period" during which the federal government "shall" detain and then "shall" remove an alien from the U.S. "begins" no later than "the date the alien is released from ... confinement"; also, the federal government is expressly authorized to make payments to a "State or a political subdivision of the State ... with respect to the incarceration of [an] undocumented criminal alien"); 8 U.S.C. 1226 (the federal government "shall take into custody" certain criminal aliens "when the alien is released"); and 8 U.S.C. 1366 (requiring an annual DOJ report to Congress on "the number of illegal alien [felons] in Federal and State prisons") and programs underway "to ensure the prompt removal" from the U.S. of removable "criminal aliens") -- within the funded program or activity, no State or local government entity, -agency, or -official (including a government-contracted correctional facility) may interfere with the "removal" process by failing to provide -- as early as practicable (see para. 4.C. below) -- advance notice to DHS of the scheduled release date and time for a particular alien, if a State or local government (or government-contracted) correctional facility receives from DHS a formal written request pursuant to the INA that seeks such advance notice.

2. Monitoring

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with this condition

3. Allowable costs

To the extent that such costs are not reimbursed under any other federal program, award funds may be obligated for the reasonable, necessary, and allocable costs (if any) of actions (e.g., training) designed to ensure compliance with this condition.

4. Rules of construction

A. For purposes of this condition:

(1) The term "alien" means what it means under section 101 of the INA (see 8 U.S.C. 1101(a)(3)).

(2) The term "correctional facility" means what it means under the title I of the Omnibus Crime Control and Safe Streets Act of 1968 (see 34 U.S.C. 10251(a)(7)).

B. Nothing in this condition shall be understood to authorize or require any recipient, any subrecipient at any tier, any State or local government, or any other entity or individual to maintain (or detain) any individual in custody beyond the date and time the individual otherwise would have been released.

C. Applicability

(1) Current DHS practice is ordinarily to request advance notice of scheduled release "as early as practicable (at least 48 hours, if possible)." (See DHS Form I-247A (3/17)). If (e.g., in light of the date DHS made such request) the scheduled release date and time for an alien are such as not to allow for the advance notice that DHS has requested, it shall NOT be a violation of this condition to provide only as much advance notice as practicable.

(2) Current DHS practice is to use the same form for a second, distinct purpose -- to request that an individual be

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION SHEET**
Grant

PAGE  18  OF  22

| PROJECT NUMBER | 2018-MU-BX-0121 | AWARD DATE | 18-01-2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

detained for up to 48 hours AFTER the scheduled release. This condition does NOT encompass such DHS requests for detention.

D. Both the "Rules of Construction" and the "Important Note" set out in the "Noninterference (within the funded 'program or activity') with federal law enforcement: 8 U.S.C. 1373 and 1644 and ongoing compliance" award condition are incorporated by reference as though set forth here in full.

47.   Requirement to collect certain information from subrecipients

The recipient may not make a subaward to a State, a local government, or a "public" institution of higher education, unless it first obtains from the proposed subrecipient responses to the questions identified in the program solicitation as "Information regarding Communication with the Department of Homeland Security (DHS) and/or Immigration and Customs Enforcement (ICE)." All subrecipient responses must be collected and maintained by the recipient, consistent with regular document retention requirements, and must be made available to DOJ upon request. Responses to these questions are not required from subrecipients that are either a tribal government organization, a nonprofit organization, or a private institution of higher education.

48.   "Methods of Administration" - monitoring compliance with civil rights laws and nondiscrimination provisions

The recipient's monitoring responsibilities include monitoring of subrecipient compliance with applicable federal civil rights laws and nondiscrimination provisions. Within 90 days of the date of award acceptance, the recipient must submit to OJP's Office for Civil Rights (at CivilRightsMOA@usdoj.gov) written Methods of Administration ("MOA") for subrecipient monitoring with respect to civil rights requirements. In addition, upon request by OJP (or by another authorized federal agency), the recipient must make associated documentation available for review.

The details of the recipient's obligations related to Methods of Administration are posted on the OJP web site at https://ojp.gov/funding/Explore/StateMethodsAdmin-FY2017update.htm (Award condition: "Methods of Administration" - Requirements applicable to States (FY 2017 Update)), and are incorporated by reference here.

49.   Required attendance at BJA-sponsored events

The recipient (and its subrecipients at any tier) must participate in BJA-sponsored training events, technical assistance events, or conferences held by BJA or its designees, upon BJA's request.



OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET

Grant

PAGE  19  OF  22

| PROJECT NUMBER | 2018-MU-BX-0121 | AWARD DATE | 10 01 2018 |

*SPECIAL CONDITIONS*

50.  Compliance with National Environmental Policy Act and related statutes

Upon request, the recipient (and any subrecipient at any tier) must assist BJA in complying with the National Environmental Policy Act (NEPA), the National Historic Preservation Act, and other related federal environmental impact analyses requirements in the use of these award funds, either directly by the recipient or by a subrecipient. Accordingly, the recipient agrees to first determine if any of the following activities will be funded by the grant, prior to obligating funds for any of these purposes. If it is determined that any of the following activities will be funded by the award, the recipient agrees to contact BJA.

The recipient understands that this condition applies to new activities as set out below, whether or not they are being specifically funded with these award funds. That is, as long as the activity is being conducted by the recipient, a subrecipient, or any third party, and the activity needs to be undertaken in order to use these award funds, this condition must first be met. The activities covered by this condition are:

a. New construction;

b. Minor renovation or remodeling of a property located in an environmentally or historically sensitive area, including properties located within a 100-year flood plain, a wetland, or habitat for endangered species, or a property listed on or eligible for listing on the National Register of Historic Places;

c. A renovation, lease, or any proposed use of a building or facility that will either (a) result in a change in its basic prior use or (b) significantly change its size;

d. Implementation of a new program involving the use of chemicals other than chemicals that are (a) purchased as an incidental component of a funded activity and (b) traditionally used, for example, in office, household, recreational, or education environments; and

e. Implementation of a program relating to clandestine methamphetamine laboratory operations, including the identification, seizure, or closure of clandestine methamphetamine laboratories.

The recipient understands and agrees that complying with NEPA may require the preparation of an Environmental Assessment and/or an Environmental Impact Statement, as directed by BJA. The recipient further understands and agrees to the requirements for implementation of a Mitigation Plan, as detailed at https://bja.gov/Funding/nepa.html, for programs relating to methamphetamine laboratory operations.

Application of This Condition to Recipient's Existing Programs or Activities: For any of the recipient's or its subrecipients' existing programs or activities that will be funded by these award funds, the recipient, upon specific request from BJA, agrees to cooperate with BJA in any preparation by BJA of a national or program environmental assessment of that funded program or activity.

51.  Establishment of trust fund

If award funds are being drawn down in advance, the recipient (or a subrecipient, with respect to a subaward) is required to establish a trust fund account. Recipients (and subrecipients) must maintain advance payments of federal awards in interest-bearing accounts, unless regulatory exclusions apply (2 C.F.R. 200.305(b)(8)). The trust fund, including any interest, may not be used to pay debts or expenses incurred by other activities beyond the scope of the Edward Byrne Memorial Justice Assistance Grant Program (JAG). The recipient also agrees to obligate the award funds in the trust fund (including any interest earned) during the period of performance for the award and expend within 90 days thereafter. Any unobligated or unexpended funds, including interest earned, must be returned to OJP at the time of closeout.

OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET
Grant**

PAGE  20  OF  22

PROJECT NUMBER    2018-MU-BX-0423              AWARD DATE:    10/01/2018

*SPECIAL CONDITIONS*

52.  Prohibition on use of award funds for match under BVP program

JAG funds may not be used as the 50% match for purposes of the DOJ Bulletproof Vest Partnership (BVP) program

53.  Certification of body armor "mandatory wear" policies

The recipient agrees to submit a signed certification that all law enforcement agencies receiving body armor purchased
with funds from this award have a written "mandatory wear" policy in effect. The recipient must keep signed
certifications on file for any subrecipients planning to utilize funds from this award for ballistic-resistant and stab-
resistant body armor purchases. This policy must be in place for at least all uniformed officers before any funds from
this award may be used by an agency for body armor. There are no requirements regarding the nature of the policy
other than it be a mandatory wear policy for all uniformed officers while on duty.

54.  Body armor - compliance with NIJ standards and other requirements

Ballistic-resistant and stab-resistant body armor purchased with JAG award funds may be purchased at any threat
level, make or model, from any distributor or manufacturer, as long as the body armor has been tested and found to
comply with applicable National Institute of Justice ballistic or stab standards and is listed on the NIJ Compliant Body
Armor Model List (https://nij.gov/topics/technology/body-armor/Pages/compliant-ballistic-armor.aspx). In addition,
ballistic-resistant and stab-resistant body armor purchased must be made in the United States and must be uniquely
fitted, as set forth in 34 U.S.C. 10202(c)(1)(A). The latest NIJ standard information can be found here: https://nij.gov/
topics/technology/body-armor/pages/safety-initiative.aspx.

55.  Reporting requirements

The recipient must submit quarterly Federal Financial Reports (SF-425) and semi-annual performance reports through
OJP's GMS (https://grants.ojp.usdoj.gov). Consistent with the Department's responsibilities under the Government
Performance and Results Act (GPRA) and the GPRA Modernization Act of 2010, the recipient must provide data that
measure the results of its work. The recipient must submit quarterly performance metrics reports through BJA's
Performance Measurement Tool (PMT) website (www.bjaperformancetools.org). For more detailed information on
reporting and other JAG requirements, refer to the JAG reporting requirements webpage. Failure to submit required
JAG reports by established deadlines may result in the freezing of grant funds and future High Risk designation.

56.  Required data on law enforcement agency training

Any law enforcement agency receiving direct or sub-awarded funding from this JAG award must submit quarterly
accountability metrics data related to training that officers have received on the use of force, racial and ethnic bias, de-
escalation of conflict, and constructive engagement with the public.

57.  Expenditures prohibited without waiver

No funds under this award may be expended on the purchase of items prohibited by the JAG program statute, unless, as
set forth at 34 U.S.C. 10152, the BJA Director certifies that extraordinary and exigent circumstances exist, making such
expenditures essential to the maintenance of public safety and good order.



OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

AWARD CONTINUATION
SHEET
Grant

PAGE 21 OF 22

| PROJECT NUMBER | 2018-MU-BX-0121 | AWARD DATE | 10/01/2018 |
|---|---|---|---|

*SPECIAL CONDITIONS*

58. Authorization to obligate (federal) award funds to reimburse certain project costs incurred on or after October 1, 2017

The recipient may obligate (federal) award funds only after the recipient makes a valid acceptance of the award. As of the first day of the period of performance for the award (October 1, 2017), however, the recipient may choose to incur project costs using non-federal funds, but any such project costs are incurred at the recipient's risk until, at a minimum-- (1) the recipient makes a valid acceptance of the award, and (2) all applicable withholding conditions are removed by OJP (via a Grant Adjustment Notice). (A withholding condition is a condition in the award document that precludes the recipient from obligating, expending, or drawing down all or a portion of the award funds until the condition is removed.)

Except to the extent (if any) that an award condition expressly precludes reimbursement of project costs incurred "at-risk," if and when the recipient makes a valid acceptance of this award and OJP removes each applicable withholding condition through a Grant Adjustment Notice, the recipient is authorized to obligate (federal) award funds to reimburse itself for project costs incurred "at-risk" earlier during the period of performance (such as project costs incurred prior to award acceptance or prior to removal of an applicable withholding condition), provided that those project costs otherwise are allowable costs under the award.

Nothing in this condition shall be understood to authorize the recipient (or any subrecipient at any tier) to use award funds to "supplant" State or local funds in violation of the recipient's certification (executed by the chief executive of the State or local government) that federal funds will be used to increase the amounts of such funds that would, in the absence of federal funds, be made available for law enforcement activities.

59. Use of funds for DNA testing; upload of DNA profiles

If award funds are used for DNA testing of evidentiary materials, any resulting eligible DNA profiles must be uploaded to the Combined DNA Index System ("CODIS," the DNA database operated by the FBI) by a government DNA laboratory with access to CODIS.

No profiles generated under this award may be entered or uploaded into any non-governmental DNA database without prior express written approval from BJA.

Award funds may not be used for the purchase of DNA equipment and supplies unless the resulting DNA profiles may be accepted for entry into CODIS.

60. Three percent set-aside for NIBRS compliance

The recipient must ensure that at least 3 percent of the total amount of this award is dedicated to achieving full compliance with the FBI's National Incident-Based Reporting System (NIBRS), unless the FBI has certified that the recipient state is already NIBRS compliant, and evidence of this has been submitted to and approved by BJA. The recipient will be required by BJA to make revisions to budgets that do not clearly indicate what projects will be supported by this 3 percent set-aside, unless the evidence of NIBRS compliance has been submitted to and approved by BJA. (This condition does not apply to awards to the Commonwealth of Puerto Rico, the Northern Mariana Islands, the U.S. Virgin Islands, Guam, or American Samoa).



OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1



U.S. Department of Justice
Office of Justice Programs
**Bureau of Justice Assistance**

**AWARD CONTINUATION
SHEET**
Grant

PAGE  22  OF  22

PROJECT NUMBER  2018-MU-BX-0121     AWARD DATE  10-01-2018

SPECIAL CONDITIONS

61. Encouragement of submission of "success stories"

BJA strongly encourages the recipient to submit annual (or more frequent) JAG success stories. To submit a success story, sign in to a My BJA account at https://www.bja.gov/Login.aspx to access the Success Story Submission form. If the recipient does not yet have a My BJA account, please register at https://www.bja.gov/profile.aspx. Once registered, one of the available areas on the My BJA page will be "My Success Stories." Within this box, there is an option to add a Success Story. Once reviewed and approved by BJA, all success stories will appear on the BJA Success Story web page at https://www.bja.gov/SuccessStoryList.aspx.

62. Withholding of funds: Required certification from the chief executive of the applicant government

The recipient may not obligate, expend, or draw down any award funds until the recipient submits the required "Certifications and Assurances by the Chief Executive of the Applicant Government," properly-executed (as determined by OJP), and a Grant Adjustment Notice (GAN) has been issued to remove this condition.

63. Recipient integrity and performance matters: Requirement to report information on certain civil, criminal, and administrative proceedings to SAM and FAPIIS

The recipient must comply with any and all applicable requirements regarding reporting of information on civil, criminal, and administrative proceedings connected with (or connected to the performance of) either this OJP award or any other grant, cooperative agreement, or procurement contract from the federal government. Under certain circumstances, recipients of OJP awards are required to report information about such proceedings, through the federal System for Award Management (known as "SAM"), to the designated federal integrity and performance system (currently, "FAPIIS").

The details of recipient obligations regarding the required reporting (and updating) of information on certain civil, criminal, and administrative proceedings to the federal designated integrity and performance system (currently, "FAPIIS") within SAM are posted on the OJP web site at https://ojp.gov/funding/FAPIIS.htm (Award condition: Recipient Integrity and Performance Matters, including Recipient Reporting to FAPIIS), and are incorporated by reference here.



OJP FORM 4000/2 (REV. 4-88)

EXHIBIT 1