IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-00736-JLK

THE STATE OF COLORADO,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, and
WILLIAM PELHAM BARR, in his official capacity as
Attorney General of the United States,

    Defendants.

## FINAL JUDGMENT

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58 (e), the following Judgment is hereby entered. Pursuant to the Opinion and Order (Doc. No. 44) of Judge John L. Kane entered on 4/23/20, it is

ORDERED that judgment is hereby entered in favor of the Plaintiff, The State of Colorado, and against the Defendants, United States Department of Justice, and William Pelham Barr, in his official capacity as Attorney General of the United States. It is

FURTHER ORDERED as follows:

### DECLARATION

The Court concludes that declaratory relief under 28 U.S.C. § 2201 is appropriate in this case. It is hereby DECLARED that:

1. The Immigration Enforcement Requirements are unlawful because they

exceed the statutory authority conferred on the Executive Branch and are *ultra vires* on their face.

    2. The Immigration Enforcement Requirements violate the Spending Clause of the U.S. Constitution because they are insufficiently related to the purposes of the Byrne JAG program and are impermissibly ambiguous.

    3. The Immigration Enforcement Requirements are *ultra vires* and unlawful under the Administrative Procedure Act.

## PERMANENT INJUNCTION

The Court also concludes that each of the necessary elements for issuing a permanent injunction is met. In particular, the Court concludes that Plaintiff has succeeded on the merits of their claims; that absent an injunction, Plaintiff would suffer irreparable injury; that the balance of equities favors Plaintiff; and that the requested relief is in the public interest.

Pursuant to Federal Rule of Civil Procedure 65, it is hereby ORDERED that Defendants ARE HEREBY RESTRAINED AND ENJOINED from directly or indirectly committing or performing the following acts:

    1. Using the Immigration Enforcement Requirements, or materially identical provisions, as conditions for Byrne JAG funding for the State of Colorado.

    2. Withholding, terminating, or clawing back Byrne JAG funding from the State of Colorado, or making the State of Colorado ineligible for Byrne JAG on the basis of the Immigration Enforcement Requirements or provisions materially identical to the Immigration Enforcement Requirements.

## MANDATORY INJUNCTION

As set forth in the Court's April 23, 2020 Opinion and Order, the Court has concluded that all the necessary elements for issuing mandamus relief to Plaintiff are met.

The Court hereby ORDERS Defendants to issue the State of Colorado's FY 2018 Byrne JAG award without enforcement of the enjoined conditions. Acceptance of the FY 2018 award by the State of Colorado shall not be construed as acceptance of the enjoined conditions. Provided, however, that nothing in this Order shall impair, affect, or relieve the State of Colorado or any other Byrne JAG award recipient within the District of Colorado from the obligation to certify and comply with any and all other grant conditions apart from the Immigration Enforcement Requirements, nor shall it impair Defendants' ability to enforce the conditions in Byrne JAG awards other than the Immigration Enforcement Requirements.

Dated at Denver, Colorado this 12th day of May, 2020.

| APPROVED BY THE COURT: | FOR THE COURT:<br>JEFFREY P. COLWELL, CLERK |
|---|---|
| s/ *John L. Kane*<br>_____<br>John L. Kane<br>Senior United Stated District Judge | By:  s/ *B. Abiakam*<br>_____<br>B. Abiakam, Deputy Clerk |