IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

STATE OF COLORADO,

    Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE, and
   MERRICK B. GARLAND, in his official capacity as
   Attorney General of the United States

    Defendants.

Civil Action
No. 1:19-cv-0736-JLK

**JOINT MOTION TO AMEND JUDGMENT UNDER RULE 60(b)
AND REQUEST FOR INDICATIVE RULING**

Defendants U.S. Department of Justice and Merrick B. Garland, and plaintiff the State of Colorado jointly and respectfully move to amend the judgment in this case, dated May 12, 2020, under Rule 60(b) to vacate the declaration that the "Immigration Enforcement Requirements violate the Spending Clause of the U.S. Constitution." *See* Judgment at 2. Because the Court lacks jurisdiction to grant that relief while this case is on appeal, the parties further respectfully request that this court issue an indicative ruling, pursuant to Rule 62.1(a)(3) of the Federal Rules of Civil Procedure, providing that, if this case were to be remanded, the Court would grant the motion. As required by FRCP Rule 62.1(b), upon entry of such an order, the moving parties will jointly notify the Court of Appeals pursuant to Rule 12.1 of the Federal Rules of Appellate Procedure, and request that the case be remanded so as to permit this Court to amend the final judgment. With the judgment so amended, the Defendants would promptly move to dismiss their appeal, bringing this litigation to a close. The grounds supporting this motion are set forth in the following memorandum.

## MEMORANDUM OF LAW

## STATEMENT

This case presents the question whether the federal government—when it provides grants to state and local law enforcement—may impose certain immigration-related conditions on the funding. This Court previously concluded that the challenged conditions administered by the Department of Justice were unlawful, and issued a final judgment that included a permanent injunction against using the conditions; mandatory relief compelling the Department to award Colorado its fiscal year 2018 grant funds without enforcement of the challenged conditions; and a declaratory judgment that the conditions exceed the Department's statutory authority, "violate the Spending Clause," and are "*ultra vires* and unlawful under the Administrative Procedure Act." *See* Judgment at 1-2. The Department filed a timely notice of appeal and the case is currently pending before the Tenth Circuit.

Challenges to overlapping grant conditions were at issue in petitions for writ of certiorari in the Supreme Court from decisions of the Second and Ninth Circuits—one in the government's favor, and one ruling against the government—but the parties voluntarily dismissed those petitions. *See State of New York v. U.S. Dep't of Justice* (Nos. 20-795, 20-796); *Wilkinson v. City & County of San Francisco* (No. 20-666). At the unopposed request of the government, the court of appeals has taken this case off the calendar for oral argument in light of the government's review of the grant conditions at issue.

The parties now respectfully ask this Court to amend the judgment in this case, dated May 12, 2020, under Rule 60(b) to vacate the declaration that the "Immigration Enforcement Requirements violate the Spending Clause of the U.S. Constitution." *See* Judgment at 2. Because the Court lacks jurisdiction to grant that relief while this case is on appeal, the parties further

2

respectfully ask the Court to issue an indicative ruling under Rule 62.1 of the Federal Rules of Civil Procedure stating that, given jurisdiction, it would grant this motion. Once the judgment is amended, the Defendants will promptly seek to voluntarily dismiss the appeal, ending this litigation.

**ARGUMENT**

1. Under Federal Rule of Civil Procedure 60(b)(6), a district court has broad authority to provide relief from a judgment "whenever such action is appropriate to accomplish justice." *Zimmerman v. Quinn*, 744 F.2d 81, 83 (10th Cir. 1984) (quoting *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)). Such relief is warranted here to promote the timely and efficient resolution of this litigation and to eliminate a constitutional ruling that, in light of changed circumstances, is plainly unnecessary to provide plaintiff with full relief.

This case arose because the State of Colorado challenged certain conditions that had been placed on grants issued under the Byrne JAG grant program. This Court rejected each proffered statutory basis for the conditions, and awarded Colorado a declaratory judgment that "[t]he Immigration Enforcement Requirements are unlawful because they exceed the statutory authority conferred on the Executive Branch and are *ultra vires* on their face." Judgment at 1-2. The parties do not seek to alter that aspect of the judgment, or the declaratory or injunctive relief awarded by the Court. Instead, this motion concerns only the Court's declaration that the conditions ran afoul of Spending Clause requirements because they were not sufficiently related to the purposes of the grant program and because they were too ambiguous to give grantees fair notice of their obligations. *Id.* at 2.

The Department has determined that it is prepared to dismiss its appeal insofar as it challenges this Court's issuance of an injunction against the conditions and this Court's conclusion that the conditions exceed the government's statutory authority. If the government takes this action,

3

even without the constitutional ruling, Colorado will have the full benefit of the practical effect of this Court's judgment, and that judgment would be final and nonappealable.

The parties agree that eliminating the declaratory judgment on the constitutional issue would further the public interest by hastening the resolution of the matter as the Defendants agree to voluntarily dismiss the appeal if the judgment were so amended. The parties further agree that vacating this portion of the judgment is equitable because the constitutional ruling is no longer necessary as a practical matter, and vacating it thus would avoid an unnecessary resolution of a constitutional issue. *See, e.g.*, *Plott v. Griffiths*, 938 F.2d 164, 167 (10th Cir. 1991) (noting Supreme Court's admonition that constitutional issues should not be resolved if the case can be fully resolved on other grounds).

The parties further agree that vacating this portion of the judgment would not prejudice either party's ability to make the same arguments on the constitutional question in a future case, in which the ruling might have some practical effect.

2. This Court does not presently have jurisdiction to vacate its judgment because the case is on appeal. But in such circumstances, Rule 62.1 of the Federal Rules of Civil Procedure allows a party to ask the district court to "issue an indicative ruling signaling that it would grant or deny a motion in the event the case is remanded for that purpose." *Pueblo of Pojoaque v. New Mexico*, 221 F. Supp. 3d 1289, 1299 (D. N.M. 2016); *see also Aldrich Enterprises, Inc. v. United States*, 938 F.3d 1134, 1143 (10th Cir. 1991). If the court so indicates, "the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal." *Pueblo of Pojoaque*, 221 F. Supp. 3d at 1299 (quotation marks omitted). The parties therefore further ask this Court to indicate that it would—assuming a limited remand from the court of appeals—grant this motion to amend its judgment to vacate the portion relating to the Spending Clause.

4

If this Court states that it would grant the parties' motion to amend its judgment to eliminate the constitutional ruling, the moving parties would promptly notify the Court of Appeals in the pending appeal of this Court's action.  Fed. R. Civ. P. 62.1(b); F.R.A.P. 12.1(a).  The Tenth Circuit would then be able to remand the matter to this Court to amend the judgment.  Once the judgment is amended, Defendants would promptly seek to voluntarily dismiss the pending appeal, bringing this litigation to a close.

Dated: April 26, 2021

Respectfully submitted,

| | |
|---|---|
| PHILIP J. WEISER<br>Attorney General | BRIAN BOYNTON<br>Acting Assistant Attorney General |
| *s/ Eric R. Olson*<br>ERIC R. OLSON*<br>Solicitor General | BRIGHAM J. BOWEN<br>Assistant Branch Director |
| *s/ Patrick L. Sayas*<br>PATRICK L. SAYAS*<br>Senior Assistant Attorney General | /s/ *Joseph J. DeMott*<br>JOSEPH J. DEMOTT<br>Trial Attorney (Va. Bar No. 93981)<br>United States Department of Justice<br>Civil Division, Federal Programs Branch |
| *s/ Kathleen Spalding*<br>KATHLEEN SPALDING*<br>Senior Assistant Attorney General | 1100 L Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 514-3367<br>Fax: (202) 616-8470 |
| Ralph L. Carr Colorado Judicial Ctr.<br>1300 Broadway, 10th Floor<br>Denver, CO 80203<br>Telephone: 720-508-6000<br>Email: eric.olson@coag.gov<br>　　　　pat.sayas@coag.gov<br>　　　　kit.spalding@coag.gov | Email: joseph.demott@usdoj.gov<br><br>*Counsel for Defendants* |

*Counsel of Record

*Attorneys for Plaintiff*